E-FILED
Wednesday, 21 December, 2022  10:21:22 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PATRICK PFINGSTEN, and<br>FORWARD THINKING MEDIA, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 22-3274 |
| | ) | |
| DON HARMON, in his official capacity as the<br>Illinois Senate President, JOHN PATTERSON, in<br>his official capacity as the Spokesperson/Strategic<br>Communications Adviser for the Office of the<br>Illinois Senate President, ELIZABETH<br>MITCHELL, in her official capacity as the Deputy<br>Press Secretary for the Illinois State Senate<br>Democratic Caucus, GIOVANNI RANDAZZO,<br>In her official capacity as the Illinois State Senate<br>Parliamentarian, | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT

NOW COME Plaintiffs, PATRICK PFINGSTEN and FORWARD THINKING MEDIA, LLC, by their attorneys, Bartell Powell LLP, and for their Complaint against Defendants, DON HARMON, JOHN PATTERSON, ELIZABETH MITCHELL, in their official capacities as State of Illinois officials, respectfully state as follows:

### THE PARTIES

1.      Plaintiff, PATRICK PFINGSTEN resides in and is a citizen of Illinois.

2.      Plaintiff, FORWARD THINKING MEDIA, LLC, is an Illinois limited liability company with its principal place of business in Illinois.  Forward Thinking Media, LLC is owned by Patrick Pfingsten, who is citizen of Illinois.

3.     Defendant, DON HARMON, is the Illinois Senate President. He is being sued in his official capacity.

4.     Defendant, JOHN PATTERSON, is the Spokesperson/Strategic Communications Adviser for the Office of the Illinois Senate President. He is being sued in his official capacity.

5.     Defendant, ELIZABETH MITCHELL, is the Deputy Press Secretary for the Illinois State Senate Democratic Caucus. She is being sued in her official capacity.

6.     Defendant, GIOVANNI RANDAZZO, is the Illinois Senate Parliamentarian.  She is being sued in her official capacity.

## JURISDICTION / VENUE

7.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331.

8.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(b)(1), because, upon information and belief, all defendants are residents of Illinois and a substantial part of the events or omissions giving rise to the claim occurred in the Central District of Illinois.

## COMMON FACTS

9.     Plaintiff, PATRICK PFINGSTEN, is a journalist who writes and publishes news content through "The Illinoize" website (www.theillinoize.com), which is operated by FORWARD THINKING MEDIA, LLC.

10.     Plaintiff, FORWARD THINKING MEDIA, LLC, is wholly owned and controlled by PATRICK PFINGSTEN.

11.     According to the Illinois Senate Media Guidelines for the 102nd General Assembly, "In order to obtain access to the press galleries of the Senate, designated press areas of Senate committee hearing rooms, or other areas of the Senate, a person must have a media credential issued by the Office of the Senate President. To obtain a media credential, a person

2

must submit an application to the Office of the Senate President. All applications submitted are subject to the review and approval of the Senate President or designee." A copy of said media guidelines is attached as Exhibit A.

12.     Plaintiffs, on or about January 29, 2021, applied for media credentials to access designated press areas of the Illinois Senate, by submitting an application to Defendant, ELIZABETH MITCHELL. A copy of Plaintiffs' submission is attached hereto as Exhibit B-1, B-2 and B-3.

13.     Plaintiffs sent numerous communications to Defendants, ELIZABETH MITCHELL and JOHN PATTERSON, between March 9, 2021 and August 4, 2022, requesting a status on the application and offering more information to assist Defendants in processing said application. Copies of these communications are attached hereto as Exhibit C-1, C-2, C-3, C-4, and C-5.

14.     The only response Plaintiffs ever received to these communications was from Defendant, ELIZABETH MITCHELL, on March 9, 2021, indicating that Plaintiffs' "application is still under review. First time applications can take a while." See Exhibit D.

15.     Plaintiffs, through their counsel, sent a letter on September 16, 2022 to Giovanni Randazzo, the Illinois Senate Parliamentarian and Chief Legal Counsel, with a copy to Defendant, DON HARMON, outlining the facts and issues forming the basis of this lawsuit. A copy of said letter is attached as Exhibit E.

16.     Neither Plaintiffs nor their counsel received a response to said letter dated September 16, 2022.

## COUNT I

**Violation of Free Speech and Free Press Clauses of the U.S. and Illinois Constitutions**

17.     Plaintiffs reallege the preceding paragraphs as this paragraph of Count I.

18.     The Defendants have granted other media members access who have similar backgrounds and journalistic activities.

19.     The Illinois Senate is currently meeting at a separate location until approximately the year 2025.  This temporary location has no public gallery and without the media pass, Mr. Pfingsten is unable to view the proceedings or communicate with the participants.

20.     Defendants' refusal to grant Plaintiffs an Illinois Senate media credential and treat them equally to other credentialed media personnel violates the First Amendment of the U.S. Constitution and Article I, Section 4 of the Illinois Constitution.

21.     Defendants' denial of Plaintiffs' access to the Illinois Senate also violates Illinois Senate Rule 4-3, which states:

"**(Senate Rule 4-3)**

4-3. Entitled to Floor.

(a) Except as otherwise provided in these Senate Rules, only the following persons shall be admitted to the Senate while it is in session: members and officers of the General Assembly; elected officers of the executive branch; justices of the Supreme Court; the designated aide to the Governor; the parliamentarian; majority staff members and minority staff members, expect as limited by the Presiding Officer; former Presidents of the Senate, except as limited by the President or prohibited under subsection (d); former members who served in the Senate at any time during the past four

4

years, except as limited by the President or prohibited under subsection

(d); and employees of the Legislative Reference Bureau and the

Legislative Information System, except as limited by the President.

***Representatives of the press, while the Senate is in session, may have***

***access to the galleries and places allotted to them by the President***. No

person is entitled to the floor unless appropriately attired." (emphasis

added)

22.    Without access to the areas of the Illinois Senate granted to other members of the

media, Plaintiffs cannot adequately speak or write about the happenings of Illinois Senate

legislative sessions.

23.    As a result of Defendants' conduct, Plaintiffs have suffered and continue to suffer

irreparable harm.

WHEREFORE, Plaintiffs pray for the following relief:

A.    An injunction ordering Defendants to approve Plaintiffs' application for Illinois

Senate media credentials, or provide Plaintiffs with a written explanation for denial of the same;

B.    Punitive damages for Defendants' violations of Plaintiffs' civil rights;

C.    Award Plaintiffs' attorneys' fees and costs;

D.    Any such other relief this Court deems equitable and just.

## COUNT II

**Violation of Due Process Clauses of the U.S. Constitution and Illinois Constitution**

24.     Plaintiffs reallege the preceding paragraphs as this paragraph of Count II.

25.     Defendants' refusal to grant, or properly process Plaintiffs' application for, Illinois Senate media credentials and treat them equally to other credentialed media personnel violates the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 2 of the Illinois Constitution.

26.     Plaintiffs have protected liberty and property interests in press credentials. The credentials allow Plaintiffs access to designate press areas of the Illinois Senate and allow his to effectively report back to his readers. Absent media credentials, Plaintiffs cannot effectively and accurately report on the actions and statements of members of the Illinois Senate.

27.     Defendants have provided no explanation as to the status, approval, or denial of Plaintiffs' application for media credentials since March 9, 2021.

28.     As a result of Defendants' conduct, Plaintiffs have suffered and continue to suffer irreparable harm.

WHEREFORE, Plaintiffs pray for the following relief:

A.     An injunction ordering Defendants to approve Plaintiffs' application for Illinois Senate media credentials, or provide Plaintiffs with a written explanation for denial of the same;

B.     Punitive damages for Defendants' violations of Plaintiffs' civil rights;

C.     Award Plaintiffs' attorneys' fees and costs;

D.     Any such other relief this Court deems equitable and just.

## COUNT III

### Violation of 42 U.S.C. § 1983

29.     Plaintiffs reallege the preceding paragraphs as this paragraph of Count III.

30.     Plaintiffs are representative of the press with rights secured by the First Amendment to the U.S. Constitution.

31.     Defendants, under color of Illinois Senate rules, media guidelines, customs, or otherwise, have limited press access to the Senate by requiring press representatives to apply for and be granted credentials before accessing the Illinois Senate floor.

32.     Under the purported authority of said Illinois Senate rules, media guidelines, customs, or otherwise, Defendants' failure to grant Plaintiffs' media credentials, or even process the application therefor, is a deprivation of Plaintiffs' rights under the First, Fifth, and Fourteenth Amendments to the U.S. Constitution.

33.     As a result of Defendants' conduct, Plaintiffs have suffered and continue to suffer irreparable harm.

34.     An award for Plaintiffs' reasonable attorneys' fees is appropriate pursuant to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiffs pray for the following relief:

A.     An injunction ordering Defendants to approve Plaintiffs' application for Illinois Senate media credentials, or provide Plaintiffs with a written explanation for denial of the same;

B.     Punitive damages for Defendants' violations of Plaintiffs' civil rights;

C.     Award Plaintiffs' attorneys' fees and costs;

D.     Any such other relief this Court deems equitable and just.

Respectfully submitted,
PATRICK PFINGSTEN, and FORWARD THINKING
MEDIA, LLC, Plaintiffs,

BY ___/s/ Jason S. Bartell_____
      Jason S. Bartell

      Jason Bartell, ARDC# 6255602
      Bartell Powell LLP
      3015A Village Office Place
      Champaign, IL  61822
      (217) 352-5900
      Facsimile (217) 352-0182
      Email: jbartell@bartellpowell.com


## **VERIFICATION**

STATE OF ILLINOIS      )
                   ) SS
COUNTY OF _COOK_____ )

PATRICK PFINGSTEN, individually and as Manager of FORWARD THINKING
MEDIA, LLC, being first duly sworn, deposes and says that he is the Plaintiff herein, that he has
read the foregoing Complaint by his attorney subscribed, and that he knows the content therein
stated to be true and correct to the best of his knowledge and belief.



_____
PATRICK J. PFINGSTEN


Subscribed and sworn to before me
this 20th  day of December, 2022.

/s/ Jason S. Bartell
      Notary Public

8